UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MESSIAH AZIZ EL,<br><br>    Plaintiff,<br><br>    v.<br><br>THE STATE OF NEW JERSEY, *et al.*,<br><br>    Defendants. | Civ. No. 13-1431<br><br>OPINION |

### WILLIAM J. MARTINI, U.S.D.J.:

    This matter comes before the Court upon *pro se* Plaintiff Messiah Aziz El's submission of a civil complaint and an application to proceed in this action *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). Based on El's affidavit of indigence, the Court will grant his application. Pursuant to 28 U.S.C. § 1915(e)(2), the Court has reviewed the Complaint to identify cognizable claims. For the reasons stated below, the Court will *sua sponte* dismiss El's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

    Messiah Aziz El is a member of the United Washitaw de Dugdahmoundyah Mu'ur Nation. Compl. at Ex. C; ECF No. 1. On February 23, 2012, Kearny police officers ticketed El, apparently for driving with a suspended license. Compl. at 1. El does not dispute that he was driving with a suspended license. El states that he was "cuffed, detained, and hindered for 89 minutes." *Id.* at 3. El further states that he was not Mirandized and that he was not driving a commercial vehicle. *Id.* at 2, 3. El makes no other allegations about the events at issue in this case.

    El asserts claims under 18 U.S.C. §§ 241 & 242 ("Sections 241 and 242") for conspiracy to violate his civil rights and for the deprivation of his rights under the color of law. He also appears to assert claims under 42 U.S.C. § 1983. First, he argues that his right to travel under the Constitution of the United States was violated when he was ticketed for driving with a suspended license. Second, he claims that his Fifth Amendment rights were infringed because he was not provided with a *Miranda* warning after he was arrested. Third, he claims that his Fourth Amendment rights were violated because he was arrested without a warrant.

Pursuant to 28 U.S.C. § 1915(e), the Court is required to review a complaint in a civil action where the litigant is proceeding *in forma pauperis*. Specifically, the Court shall *sua sponte* dismiss the case at any time if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court is guided by the pleading standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) in determining whether to dismiss the complaint *sua sponte* for failing to state a claim upon which relief may be granted. *See, e.g.*, *Gorbaty v. Portfolio Recovery Assocs. LLC*, 2009 WL 2222924, at *1 (D.N.J. July 21, 2009).

Under *Twombly*, dismissal is appropriate where the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). While the Court is mindful that a *pro se* pleading must be construed liberally in favor of the plaintiff, *see Erickson v. Pardis,* 551 U.S. 89 (2007), the factual allegations must still be sufficient to raise a plaintiff's right to relief above a speculative level, *see Twombly*, 550 U.S. at 570, such that the court may "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). A plaintiff must "provide the grounds of his entitlement to relief, [which] requires more than labels and conclusions." *Twombly*, 550 U.S. at 555 (internal citation and quotation omitted).

*Sua sponte* dismissal is appropriate here. El has not stated a claim under Section 241 or Section 242, which are criminal statutes that lack private rights of action. *See Shahin v. Darling*, 606 F. Supp. 2d 525, 539 (D. Del. 209). Nor has El stated a claim under Section 1983. First, his constitutional right to travel was not violated just because he was ticketed for driving with a suspended license. *See Knox v. Pcobasco*, No. 86-2367, 1986 WL 6310, at *1 (E.D. Pa. June 4, 1986) (constitutional right to travel not violated when ticket issued for driving a motorcycle without a license). Second, even if El's *Miranda* rights were violated, El can only state a claim under Section 1983 if his statements were used against him at trial. *See Renda v. King*, 347 F.3d 550, 557-58 (3d Cir. 2003) ("Questioning a plaintiff in custody without providing Miranda warnings is not a basis for a § 1983 claim as long as the plaintiff's statements are not used against [him] at trial."). Here, there is no indication that El made any statements to the police or that any trial took place. Third, the police did not need a warrant to stop El's car so long as they had reasonable suspicion to believe a crime had been committed. *United States v. Delfin-Colina*, 464 F.3d 392, 397 (3d Cir. 2006) (investigatory traffic stop proper based on reasonable suspicion that traffic law was

violated). El makes no claim that the police lacked reasonable suspicion to stop his car. Furthermore, once it was determined that El was driving with a suspended license, the Fourth Amendment did not prevent the police from arresting El and handcuffing him. *See Atwater v. City of Lago Vista*, 532 U.S. 318 (2001) (no Fourth Amendment violation where motorist was arrested, handcuffed, and driven to police station based on seatbelt violation); *see also State v. Crow*, 2010 WL 4137319, at *2 (App. Div. Oct. 22, 2010) (driving with suspended license is a crime in New Jersey).

Finally, as in *Osiris v. Fishman*, "[t]he Complaint seems to suggest that Plaintiff's alleged 'Muurish' ancestry entitles him to special legal protection." No. 10-3480, 2011 WL 677326, at *2 n.2 (D.N.J. Feb. 15, 2011). As in *Fishman*, the Complaint here "does not, however, provide additional facts establishing how those purported protections state a claim against the Defendants." *Id.*

## CONCLUSION

For the reasons stated above, the Court will grant Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). The Court will also dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. An appropriate order follows.

                                        /s/ William J. Martini  
                                     **WILLIAM J. MARTINI, U.S.D.J.**

**Date: March 19, 2013**